UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
--------------------------------X
                                :
JEFFREY A. WALKER,              :
                                :
          Petitioner            :     CIVIL NO.
                                :
          v.                    :     3:09-CV-69 (EBB)
                                :
PAUL SCHULTZ, WARDEN, et al.    :
                                :
          Respondents.          :
                                :
--------------------------------X
```

## RULING ON APPLICATION PURSUANT TO 28 U.S.C. § 2241

Jeffrey Walker ("Walker"), an inmate at the Fairton Federal Correctional Institution in Fairton, New Jersey, has applied for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [docs. #1, 9]. For the following reasons, that application must be transferred to the U.S. Court of Appeals for the Second Circuit.

## FACTUAL AND PROCEDURAL BACKGROUND

The Court sets forth only those facts necessary to an understanding of the issues raised in Walker's application.

On August 13, 1991, a grand jury sitting in the District of Connecticut returned a one-count indictment charging Walker with being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On April 16, 1992, a jury found Walker guilty of that offense. The Presentence Report calculated Walker's Guideline range to be 292-365 months of imprisonment because he was an Armed Career Criminal under 18 U.S.C. § 924(e)(1). More specifically, under Section 4B1.4 of the

Sentencing Guidelines, Walker's base offense level was 33 plus a two-level enhancement for obstruction of justice, which yielded a total offense level of 35. Because Walker's criminal history category was VI, his Sentencing Guideline range was 292-365 months of imprisonment.

On October 20, 1992, this Court sentenced Walker to 292 months of imprisonment followed by a three year term of supervised release. The Second Circuit affirmed the conviction and sentence. United States v. Brown, 996 F.2d 301 (Table) (2d Cir. 1993).

Walker filed a motion to vacate or set aside sentence in April 1997 pursuant to 28 U.S.C. § 2255. In November 1997, this Court denied his motion on the merits.

Walker filed a second motion to vacate or set aside his sentence pursuant to Section 2255 on September 12, 2005. This motion was denied on September 22, 2005 because Walker failed to obtain permission from the Second Circuit to file a successive petition under Section 2255 as required by statute.

On January 27, 2006, Walker filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Judge Droney converted this motion to one under Section 2255 because it concerned an expired state sentence which had enhanced his current sentence, a claim appropriate to a Section 2255 petition and not to a Section 2254 petition. Because Walker had again not

2

obtained authorization from the Second Circuit to file a successive motion pursuant to Section 2255, Judge Droney directed the Clerk to transfer the case to the Second Circuit to enable that court to determine whether the claims raised in Walker's petition should be considered by the district court.  On March 13, 2007, the Second Circuit denied Walker's request for authorization to consider a successive Section 2255 motion.

On January 16, 2009, Walker filed the instant application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [doc. #1].  He filed an amended petition on November 4, 2009 [doc. #9]. The government responded to Walker's application on October 27, 2009 [doc. #8].  Walker filed two identical responses to the government's filing on November 16, 2009 [docs. # 10, 11].

## DISCUSSION

Sections 2255 and 2241 offer relief for different claims. Section 2255 provides for relief: (i) where the sentence was imposed in violation of the Constitution or laws of the United States; (ii) where the court was without jurisdiction to impose the petitioner's sentence; (iii) where the sentence was in excess of the maximum authorized by law; and (iv) where the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255. Conversely, "A motion pursuant to § 2241 generally challenges the execution of a federal prisoner's sentence, including such matters as the administration of parole, computation of a

3

prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions." Jiminian v. Nash, 245 F.3d 144, 146 (2d Cir. 2001). In sum, "A challenge to the *execution* of a sentence–in contrast to the *imposition* of a sentence–is properly filed pursuant to § 2241. . . . This distinction between sentence validity and sentence execution is grounded in the plain language of the more specific statute, § 2255, which does not recognize challenges to the manner of carrying out a prisoner's sentence." Levine v. Apker, 455 F.3d 71, 78 (2d Cir. 2006) (emphasis in original).

Walker is clear as to what he seeks via the instant application: "Specifically, Mr.walker [sic] is asserting violation [sic] of Gideon/right to appointment of counsel. U.S.C.A. Const. Amend. 6. attacks the use of this prior conviction which was used to enhanced [sic] present sentenced [sic], and as a basis for Immigration and Naturalization Service ((I.N.S.) [sic] Custody, and the prior sentence has expired." (Pet. at 1-2).

Walker is similarly clear as to why he has fashioned the instant application as falling under Section 2241 instead of Section 2255. In response to the form inquiry as to why he believes that the remedy provided by Section 2255 is inadequate or ineffective to test the legality of his sentence, Walker stated "28 U.S.C. § 2555 & 2255 [sic] is foreclosed, Petitioner

4

has long since use [sic] up his 2255."

"It is well-settled that a district court may convert a §
2241 petition to a § 2255 motion in appropriate circumstances."
Hom Sui Ching v. United States, 298 F.3d 174, 176 (2d Cir. 2002).
The habeas petition currently before the Court is squarely within
the ambit of Section 2255, especially because "as a general rule,
federal prisoners must use § 2255 instead of § 2241(c)(3) to
challenge a sentence as violating the Constitution or laws of the
United States." Jiminian, 245 F.3d at 147.  Moreover,"§ 2255 is
not inadequate or ineffective, such that a federal prisoner may
file a § 2241(c)(3) petition, simply because a prisoner cannot
meet the AEDPA's [Antiterrorism and Effective Death Penalty Act
of 1996] gate-keeping requirements, provided that the claim the
prisoner seeks to raise was previously available on direct appeal
or in a prior § 2255 motion." Id. at 147-48.

The Second Circuit has been quite clear as to what a
district court should do in these circumstances:

> [W]hen presented with a § 2241 petition raising
> previously available claims appropriately the subject
> of a § 2255 motion, district courts should construe the
> petition as a second or successive § 2255 motion and
> transfer it to this Court [the Second Circuit] for
> certification, so long as the prisoner had a prior §
> 2255 motion dismissed on the merits. . . . By
> construing an improperly labeled "§ 2241 petition" as a
> second or successive § 2255 motion, courts preserve the
> right of federal prisoners to file a proper § 2241
> petition.  We note that this procedure should only
> apply where the prisoner has had a prior § 2255 motion
> dismissed on the merits.

5

<u>Id</u>. at 148.  Given that Walker's instant habeas petitions raise previously available claims appropriately the subject of a Section 2255 motion and that he has already had a Section 2255 motion dismissed on the merits by this Court, the only action available to this Court is to transfer his application to the Second Circuit.

### **CONCLUSION**

For the foregoing reasons, the Clerk is directed to transfer this case to the U.S. Court of Appeals for the Second Circuit to enable that court to determine whether the claims raised in this application should be considered by the district court.


SO ORDERED.


            /s/
ELLEN BREE BURNS
SENIOR U.S. DISTRICT JUDGE

Dated at New Haven, Connecticut this 5th day of January, 2010.

6